UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICHARD WALLACE,

                        Plaintiff,

                      -against-

THE CITY OF NEW YORK, DET. ABDIEL ANDERSON, Shield No. 1429, Individually and in his Official Capacity, DET. DEXTER POWERS, Shield No. 6200, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

**COMPLAINT**

**12 CV 1231**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------X

Plaintiff RICHARD WALLACE, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff RICHARD WALLACE is an African-American male and has been at all relevant times a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.  At all times hereinafter mentioned, the individually named defendants DET. ABDIEL ANDERSON, DET. DEXTER POWERS, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On or about September 16, 2011, plaintiff RICHARD WALLACE was lawfully present in the vicinity of 2847 Briggs Avenue, in Bronx County, State of New York.

14. At the aforesaid time and place, plaintiff was walking down the street when defendant police officers suddenly accosted him.

15. Defendant officers uncovered no evidence of criminal or unlawful activity whatsoever.

16. Nevertheless, the officer placed plaintiff under arrest for the first time in his life, handcuffing his arms tightly behind his back, and charged him with Criminal Sale of Marijuana in the Fourth Degree.

17. While in police custody, plaintiff RICHARD WALLACE informed defendant officers at least two (2) times that he has Type 2 Diabetes and that he needs his medication; however, plaintiff was never given any medication, which led to, among other symptoms, numbness in his fingers and toes as well as body shakes.

18. At no time on September 16, 2011, did plaintiff sell, possess or control any controlled substances, nor did he act unlawfully in any way.

19. At no time on September 16, 2011, did defendants possess probable cause to arrest plaintiff.

20. At no time on September 16, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

22. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

23. Specifically, defendants falsely and knowingly alleged that they observed plaintiff sell marijuana to a separately apprehended individual.

24. As a result of defendants' actions, plaintiff RICHARD WALLACE spent approximately forty-eight (48) hours in police custody and approximately three (3) months making numerous court appearances.

25. Despite defendants' actions, all charges against plaintiff RICHARD WALLACE were dismissed on or about December 20, 2011.

26. As a result of the foregoing, plaintiff RICHARD WALLACE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff RICHARD WALLACE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RICHARD WALLACE.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RICHARD WALLACE.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff RICHARD WALLACE.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RICHARD WALLACE.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff RICHARD WALLACE.

45. Defendants acted with malice in continuing criminal proceedings against plaintiff RICHARD WALLACE.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

47. Specifically, defendants falsely and knowingly alleged that they observed plaintiff sell marijuana to a separately apprehended individual.

48. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RICHARD WALLACE's favor on or about December 20, 2011 when the charges against him were dismissed.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" as if the same were more fully set forth at length herein.

51. Defendants created false evidence against plaintiff RICHARD WALLACE.

52. Specifically, defendants falsely and knowingly alleged that they observed plaintiff sell marijuana to a separately apprehended individual.

53. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

54. Defendants misled the prosecutors by creating false evidence against plaintiff RICHARD WALLACE and thereafter providing false testimony throughout the criminal proceedings.

55. In creating false evidence against plaintiff RICHARD WALLACE, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn

statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF
### DELIBERATE INDIFFERENCE TO PLAINTIFF'S
### MEDICAL NEEDS UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants knew that plaintiff RICHARD WALLACE was diabetic and required his medication to avoid numbness and body shakes.

59. Notwithstanding this knowledge, defendants refused to provide plaintiff RICHARD WALLACE with his medication or take him to the hospital in a timely fashion and refused to ensure that plaintiff received the proper treatment.

60. In so doing, defendants exhibited a deliberate indifference to the health, safety, welfare and medical needs of plaintiff RICHARD WALLACE, in violation of plaintiff's constitutional rights as secured by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

61. As a result of defendants' deliberate indifference to the medical needs of plaintiff RICHARD WALLACE, plaintiff suffered severe injuries.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL AND UNREASONABLE
## SEARCH UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. As a result of the forgoing plaintiff RICHARD WALLACE was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

64. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. fabricating evidence against innocent persons erroneously arrested during

        buy-and-bust operations;

   iii.  arresting innocent persons wrongfully apprehended during buy-and-bust operations; and

   iv.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

68.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   i.  **Mazie Meredith v. City of New York**; United States District Court, Eastern District of New York, 09 CV 1220;

   ii.  **Uriel Bonilla v. City of New York**; United States District Court, Southern District of New York, 09 CV 3563;

   iii.  **Angel Figueroa v. City of New York**; United States District Court, Southern District of New York, 10 CV 2185;

   iv.  **Angel Valentin v. City of New York**; United States District Court, Southern District of New York, 10 CV 5195; and

   v.  **Osaigbovo v. City of New York**; United States District Court, Southern District of New York, 09 CV 4979.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

70.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

73. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RICHARD WALLACE's constitutional rights.

74. The acts complained of deprived plaintiff of his rights:

   1. Not to be deprived of liberty without due process of law;
   2. To be free from seizure and arrest not based upon probable cause;
   3. To be free from unlawful search;
   4. Not to have summary punishment imposed upon him; and
   5. To receive equal protection under the law.

75. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;
   ii. an order awarding punitive damages in an amount to be determined at trial;
   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       February 16, 2012

BY:_____/S_____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com